**CITY OF ARLINGTON, Texas, Appellant,**

v.

**James Earl LUMMUS and the Law Firm of Jameson & Maxwell, Appellees.**

No. 2–93–108–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 23, 1994.

Rehearing Overruled April 5, 1994.

Frank Waite, Asst. City Atty., Arlington, for appellant.

Jameson & Maxwell, and Stephen C. Maxwell, Fort Worth, for appellees.

Before FARRIS, LATTIMORE and DAY, JJ.

---

**2.** We note that by this appeal, Ramirez has entered his appearance for trial. *See* TEX.R.CIV.P.

123.

## OPINION

FARRIS, Justice.

The City of Arlington (City) appeals a judgment awarding Jameson & Maxwell (J & M) one-third attorney's fees from the City's workers' compensation subrogation recovery, complaining the judgment is inconsistent with the court's conclusion the City was actively represented by its own lawyer who actively participated in obtaining the recovery, and J & M did not establish the value of its services. Because the trial court apportioned the fees and did not abuse its discretion in awarding one-third attorney's fees to J & M, we overrule the City's points of error, we affirm the trial court's judgment, and we find it unnecessary to consider J & M's cross-point claiming the trial court erred in concluding the City's attorney actively represented the City's interest and actively participated in obtaining a recovery.

While on the job, City employee James Earl Lummus was injured in an automobile accident. The City paid his medical expenses and workers' compensation benefits.

Lummus sued Herbert E. Horsfall and Delores Parham, respectively, the driver and the owner of the vehicle that struck the vehicle Lummus was driving, and retained J & M to represent him. The City intervened to recoup its workers' compensation payments. Eventually, the parties settled for $92,500 and the City recouped payments of $49,272.88, Lummus recovered damages of $13,847.80, and J & M received attorney's fees of $28,716.90 and expenses of $662.42.

In its first point of error, the City complains the trial court failed to apportion attorney's fees after finding the City was actively represented by its own lawyer who participated in the recovery. The apportionment of attorney's fees for the recovery of workers' compensation is governed by TEX. REV.CIV.STAT.ANN. art. 8308–4.05(e) (Vernon Supp.Pamph.1993):

> If the insurance carrier obtains an attorney to actively represent its interest and if

the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the insurance carrier's subrogation recovery between those attorneys, considering the benefit accruing to the insurance carrier as a result of each attorney's service. The aggregate of those fees may not exceed 33⅓ percent of the subrogated interest.[1]

*Id.*

Attorney's fees are recoverable if one of three situations exists: (1) the insurer hires an attorney to represent it but the attorney does not actively represent it; (2) the worker's attorney represents both the worker and the insurer; and (3) the insurer is actively represented by its attorney who participates in obtaining a recovery. *Twin City Fire Ins. Co. v. Jones,* 834 S.W.2d 114, 115 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

The City contends the last situation exists here, while J & M claims the first does. Because the trial court concluded:

> The City of Arlington's lawyer, Frank Waite, actively represented the City's interest and actively participated in obtaining a recovery[,]

the City is correct and the attorney's fees should have been apportioned.

The City claims because it received no fee award, the trial court failed to apportion the fee as mandated by statute. To the contrary, the trial court awarded the City zero attorney's fees and a court does not fail to apportion the fee by simply awarding a fee of zero to one party.

In *City of Austin v. Janowski,* 825 S.W.2d 786 (Tex.App.—Austin 1992, no writ), the court held even if the City's attorney could be said to have actively represented its interests, the trial court did not err in apportioning all the attorney's fees to the plaintiff's attorney. *Id.* at 789.

In the current case, the trial court concluded:

---

1. Texas Workers' Compensation Act, of May 15, 1973, ch. 88, 1973 Tex.Gen.Laws 187, 193, amended by ch. 326, sec. 1, 1985 Tex.Gen.Laws 1387, 1388 repealed by ch. 1, sec. 4.05, 1989 Tex.Gen.Laws 33 (effective January 1, 1991). Currently, TEX.REV.CIV.STAT.ANN. art. 8308–4.05(e) (Vernon Supp.Pamph.1993).

An apportionment of attorney's fees out of the City's $64,385.37 workers' compensation subrogation recovery is $21,461.79 to Plaintiff's counsel, Stephen C. Maxwell, and *nothing to the attorney actively representing the City*, considering the benefit accruing to the City as a result of each attorney's service. [Emphasis added.]

As this conclusion shows, considering the respective contributions of the attorneys, the trial court apportioned attorney's fees of $21,461.79 to J & M and zero to the City.

■ The trial court's assessment of the respective contributions of each attorney may only be reviewed for an abuse of discretion. *Vanguard Ins. Co. v. Humphrey*, 729 S.W.2d 344, 347–48 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Although the City claims it actively participated and actively pursued its own subrogation interest, as the trial court's conclusion above and the evidence that follows shows, it added nothing meaningful to the recovery.

■ At the hearing on the motion to allocate settlement funds, the following transpired:

[MAXWELL, of J & M:] When you and I visited on numerous occasions about this case, let me ask you, sir, did the role played by the Arlington City Attorney's Office influence in anyway [sic] the ultimate decision reached between you and I to settle this case?

[READ, counsel for Horsfall and Parham:] I would say no, but I would have to preface for the Court that, that my answer is really based on the fact that it was ultimately not my decision whether or not to settle this case, but my client's insurance carrier, because it's their money. So I must answer in that way.

. . . .

[READ:] But in answer to your question, it's my impression that the intervention filed by The City of Arlington was all that was, all that I was aware of as far as dealings with Mr. Waite or The City of Arlington.

The record also reveals J & M: filed suit against Horsfall and Parham; hired a private investigator to locate the defendants, who tracked them down through the States of Washington and Colorado; drafted interrogatories, requests for admissions and requests for production; helped Lummus respond to defendants' interrogatories, and requests for production; and negotiated the settlement. The City, in contrast, did little more than file the intervention.

A comparison of the respective roles of the attorneys shows that Maxwell of J & M was primarily responsible for recovery of the subrogation amount. Consequently, the trial court's assessment of the respective contributions of each attorney is supported by the record, and the court did not abuse its discretion by apportioning the fees accordingly. Point of error one is overruled.

■ In its second and third points of error, the City claims there is no evidence of the value of the time J & M actually spent on the case on behalf of the City and the evidence is insufficient to support the one-third attorney's fees award.

Under article 8308–4.05, the trial court may award attorney's fees of 33⅓ percent of the subrogation interest. TEX.REV.CIV.STAT. ANN. art. 8308–4.05 (Vernon Supp.Pamph. 1993). If the City wanted to avoid court determination of the fees under this article, it could have tried to contract with J & M itself. Because the City did not pursue this alternative, article 8308–4.05 applied.

Under this article, J & M's fee was contingent upon a recovery for the City. Because the City recovered, J & M was entitled to a fee. *See id.* Contrary to the City's assertion, and this court's holding in *Insurance Co. of N. America v. Stuebing*, 594 S.W.2d 565 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.), that the fee must be determined on an hour-rate basis, we hold the only restrictions article 8308–4.05 places on the trial court in awarding attorney's fees are that it may not award a fee in excess of one-third of the subrogation recovery and it must not abuse its discretion. *See Hartford Ins. Co. v. Branton & Mendelsohn, Inc.*, 670 S.W.2d 699, 704 (Tex.App.—San Antonio 1984, no writ).

In light of the complete recovery of the subrogated claim J & M achieved on behalf

of the City, and the evidence that when J & M took the case, the whereabouts of the defendants and their identities were unknown, we cannot say the trial court's award of one-third of the City's recovery was an abuse of discretion. Points of error two and three are overruled.

The judgment of the trial court is affirmed.