NO. 07-00-508-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 9, 2001

_____

TEXAS WORKERS' COMPENSATION
INSURANCE FUND,

Appellant

v.

SUSANNAH KNIGHT,
HOUSTON R. EWING,  AND SUSANA MALDONADO,

Appellees

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 87,104-A; HON. DAVID L. GLEASON, PRESIDING

_____

Before QUINN, REAVIS, and JOHNSON, JJ.

The Texas Workers' Compensation Insurance Fund, (the Fund) appeals an order denying its subrogation rights concerning funds paid into the court registry by Safeguard Insurance Company (Safeguard). Through its sole issue, the Fund contends that the trial court erred in denying its "claims for subrogation interest against the [uninsured motorist] proceeds based on its previous payment of compensation to and medical benefits on

behalf of [Susannah] Knight, [Susana] Maldonado, and [Houston R.] Ewing." We agree and reverse the apportionment order executed by the trial court.

## *Background*

In March of 1999, Houston Ewing (Ewing) was driving a vehicle owned by his employer, Sterling Cleaning Services, while in the course of his employment. Passengers in the vehicle included Susannah Knight (Knight) and Susana Maldonado (Maldonado). The Sterling vehicle was involved in an accident with another vehicle driven by Geraldo Sandoval (Sandoval). It was later determined that Sandoval was intoxicated at the time of the accident and that he had no liability insurance. Sterling had purchased uninsured/underinsured motorist insurance from Safeguard.

Suit was filed by Knight against, initially, the Royal Insurance Company. However, it was later determined that the proper party was Safeguard and the pleadings were amended to reflect same. The Fund intervened in the lawsuit along with Mid-Century Insurance Company of Texas, Knight's uninsured/underinsured motorist carrier. The Fund relied on a provision in the Texas Labor Code which provides for workers' compensation carriers subrogation rights when an insured recovers from a third party. Safeguard, because it was unable to determine who was entitled to the proceeds, paid $480,952.10 into the registry of the court. During the pendency of the suit, Knight, Maldonado and Ewing received benefits from the Fund in excess of $123,000. An apportionment hearing was held wherein the Fund requested that it be reimbursed the amount that had been expended in benefits paid to and on behalf of Knight, Maldonado

2

and Ewing.  The trial court rendered a judgment effectively denying the Fund's subrogation claim.

*Analysis*

The Fund argues that the trial court erred in denying it its statutory subrogation rights.[1] That is, the Fund allegedly was entitled to an amount of the Safeguard funds equal to the compensation benefits paid Maldonado, Ewing, and Knight. We agree.

In *Employer's Casualty Company v. Dyess,* 957 S.W.2d 884 (Tex. App. – Amarillo 1997, pet. denied), we were asked to "address the subrogation rights of a workers' compensation carrier as they might apply to the employer's uninsured motorist coverage." Upon addressing that question, we held that the worker's compensation carrier had a statutory right of subrogation against the proceeds payable via the uninsured motorist policy. *Id.* at 889-900. That holding has since been adopted by our brethren in *Texas Worker's Comp. Ins. Fac. v. Aetna Cas. & Surety Co.*, 994 S.W.2d 923 (Tex. App–Houston [1st Dist.] 1999, no pet.). Thus, our own precedent entitled the Fund to recovery. By not according it same, the trial court erred.

Nevertheless, Knight argues that we should "re-examine" our decision in *Dyess*. This is so because we supposedly failed to abide by *Members Mutual Insurance Company*

---

[1]The statute in question is §417.001 of the Texas Labor Code. It reads:

If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. If the recovery is for an amount greater than that paid or assumed by the insurance carrier to the employee or the legal beneficiary, the insurance carrier shall:

1) reimburse itself and pay the costs from the amount recovered; and
2) pay the remainder of the amount recovered to the injured employee or the legal beneficiary.

*v. Hermann Hospital,* 665 S.W.2d 325 (Tex. 1984). *Hermann Hospital* is quite inapposite, however. This is so for the simple reason that the statute applicable in *Hermann* expressly prohibited the hospital from claiming a lien on proceeds from any insurance policy issued in favor of the injured party, including an uninsured motorist policy. *Id.* at 326-27. No such statutory prohibition limits the subrogation rights of the Fund *viz-a-viz* the uninsured policy at bar.

So too does Knight contend that despite any statutory right of subrogation the Fund may have, the trial court, through its equitable powers, was authorized to apportion the proceeds as it saw fit. We again disagree for several reasons. First, the cases relied upon by Knight, *i.e., Ortiz v. Great Southern Fire & Casualty Insurance Co.*, 597 S.W.2d 342 (Tex. 1980), *Oss v. United Service Auto Assn.*, 807 F.2d 457 (5th Cir. 1987), and *Esparza v. Scott & White Health Plan*, 909 S.W.2d 548 (Tex. App. – Austin 1995), involved subrogation rights arising under equity or contract, not statute. Second, the statute applicable at bar clearly states that the carrier "shall[] reimburse itself and pay the costs from the amount recovered . . . and [] pay the *remainder* . . . to the injured employee. . . ." TEX. LABOR CODE ANN. §417.001(b)(1) & (2) (emphasis added). In short, and as noted in *Texas Workers' Compensation Ins. Fund v. Travis*, 912 S.W.2d 895 (Tex. App. – Fort Worth 1995, no writ), "a workers' compensation carrier is entitled to recover one hundred percent of compensation paid to an insured employee as a result of the employee's recovery . . . ." *Id.* at 897. Furthermore, the "workers' compensation claimant has no right to any funds . . . until the workers' compensation carrier receives its payment in full." *Id.*

5

at 897-98. Given these circumstances, the trial court could not invoke its equitable powers and, thereby, deny the Fund subrogation.

Lastly, Knight argues that the trial court did not err because once Knight recovered from a third party, the Fund would "suspend payment of any additional benefits until what monies she receives has been exhausted in the payment of future expenses." Again, we disagree.

Section 417.002 of the Labor Code provides:

> (a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.
>
> (b) Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive under this subtitle.
>
> (c) If the advance under Subsection (b) is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits. If the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted.

TEX. LAB. CODE ANN. §417.002(a)-(c) (Vernon Supp. 2001). From this, we see that the Legislature intended that the compensation carrier was to be reimbursed first. Then, its duty to pay would go into stasis until the excess or remainder of the proceeds from the uninsured motorist policy was consumed by the compensation claimant. At that point, the carrier's obligation to pay would resume. In short, the compensation claimant is not

6

entitled to all the proceeds simply because he or she may incur expenses exceeding the limits of the uninsured motorists policy.

Accordingly, the trial court's apportionment order is reversed, and the cause is remanded for further proceedings.

Brian Quinn
Justice

Publish.

7