

NUMBER 13-09-00126-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE DELGADO,                                                                      **Appellant,**

**v.**

TEXAS MUNICIPAL LEAGUE
INTERGOVERNMENTAL RISK POOL,                                    **Appellee.**

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

This case arose from a dispute over the apportionment of third-party tortfeasor settlement proceeds between an injured employee's workers' compensation insurance carrier and his trial attorney. Appellant, Jorge Delgado, appeals the trial court's summary judgment partially in favor of appellee, Texas Municipal League Intergovernmental Risk Pool ("TMLIRP"). By one issue, Delgado contends that the trial court abused its discretion

by failing to award him his actual costs incurred in prosecuting the case from the settlement proceeds obtained from a third-party tortfeasor. By one cross-issue, TMLIRP asserts that Delgado's trial attorney is not entitled to any fees or costs and that this appeal is frivolous and an attempt to collect an unconscionable fee. We affirm.

## I. BACKGROUND

On March 15, 2008, Delgado, an employee of the City of South Padre Island's police department, was riding his police motorcycle when he was struck by a vehicle driven by Julia Lee Cabin.[1] As a result of his injuries, Delgado underwent surgery and continues to receive medical treatment.

The City of South Padre Island provides workers' compensation coverage to its employees through TMLIRP. As the city's workers' compensation insurance carrier, TMLIRP paid Delgado's medical bills and indemnity benefits and asserted a subrogation claim to the proceeds obtained by Delgado in his suit against Cabin. Cabin's insurance company, Home State County Mutual Insurance ("HSCMI"), ultimately settled Delgado's bodily injury claims against Cabin for the policy limit of $25,028.

After receiving the settlement proceeds from HSCMI, Delgado filed a declaratory judgment action to determine the amounts to which TMLIRP and Delgado's attorney were entitled.[2] TMLIRP filed an answer and counterclaim, denying all of the allegations made in Delgado's original petition and asserting that Delgado's declaratory judgment action constituted a frivolous filing. Delgado filed a traditional motion for summary judgment,

---

[1] It is undisputed that when Delgado was hit by Cabin's vehicle, he was acting within the scope of his employment.

[2] Delgado alleges on appeal that TMLIRP: (1) insisted that it had the right to collect the entire amount paid by HSCMI; (2) refused to negotiate any reduction of its subrogation interest; and (3) did not actively participate in the settlement negotiations between Delgado and HSCMI.

requesting a hearing and attorney's fees in the amount of $8,342.67 and expenses of $897.11 to be deducted from the settlement proceeds. Delgado also contended that his trial counsel's law firm, Touchy & Green, L.L.P., was entitled to 33% of the remaining settlement proceeds, or an additional $5,262.74.

TMLIRP filed a traditional motion for summary judgment and a response to Delgado's motion, arguing that Delgado's action was frivolous and that it was "entitled to first money, before anyone else collects any sum." TMLIRP further argued that the labor code entitles counsel for Delgado to no more than one-third of the recovery due to the carrier and that "[i]f the lawyer has done nothing, or actually made it harder for the carrier to recover its subrogated interests, as in this case, the Court has the discretion to award the attorney no fees."

The trial court conducted a hearing on the competing motions for summary judgment and later entered a final judgment granting in part and denying in part Delgado's motion for summary judgment and providing the following:

> The Court orders that Plaintiff Jorge Delgado retain the amount of Eight Thousand Three hundred Forty-Two Dollars and Sixty Six cents ($8,342.66) from the settlement check in his possession from Home State County Mutual, as attorney's fees and Two Hundred Ninety-Five Dollars ($295.00) in taxable court costs and remit the balance of the settlement proceeds to Texas Municipal League Intergovernmental Risk Pool, to wit, $16,390.34.[3]

This appeal followed.

## II. STANDARD OF REVIEW

We review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, both parties move for summary judgment on the same issues, and the trial court grants one motion and denies the other,

---

[3] By awarding Delgado $8,342.66 in attorney's fees and $295.00 in costs, the trial court ostensibly denied TMLIRP's motion for summary judgment.

the appellate court determines all questions presented and, if the trial court erred, renders the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

The questions presented in this appeal turn on statutory construction. Statutory construction is a legal question that we review de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). In resolving an issue of statutory construction, we first look to the plain language of the statute. *Tex. Health Ins. Risk Pool v. Sw. Serv. Life Ins. Co.*, 272 S.W.3d 797, 800-01 (Tex. App.–Austin 2008, no pet.); *Gen. Motors Corp. v. Bray*, 243 S.W.3d 678, 685 (Tex. App.–Austin 2007, no pet.). We read the statute as a whole and give meaning to the language that is consistent with other provisions in the statute. *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 872-73 (Tex. 2005); *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

## III. ANALYSIS

By his sole issue, Delgado contends that his trial attorney is entitled to collect attorney's fees and other costs associated with obtaining the settlement proceeds before TMLIRP is entitled to collect the "net amount." TMLIRP counters by arguing that Delgado is not entitled to recover any fees or costs associated with the underlying third-party action.

### A. Applicable Law

It is undisputed that Delgado was provided workers' compensation coverage and that chapter 417 of the labor code applies in the instant case. *See* TEX. LAB. CODE ANN. § 417.001 (Vernon 2006). Chapter 417 permits a covered employee to pursue a third-party lawsuit against the responsible third party. *See id.* § 417.001(a). In such cases, the

4

workers' compensation carrier is subrogated[4] to the rights of the employee for any benefits paid by the carrier.[5]  *Id.* § 417.001(b).

The distribution of proceeds recovered from third parties is governed by section 417.002.  *See id.* § 417.002 (Vernon 2006).  Under section 417.002, "[t]he *net amount recovered* by a claimant in a third-party action shall be used to reimburse the insurance carrier."[6]  *Id.* (emphasis added).  In many cases, the money recovered goes first to the workers' compensation insurance carrier, and "'until [the] carrier is reimbursed in full, the employee or his representatives have no right to any of such funds.'"  *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (quoting *Capitol Aggregrates*, 408 S.W.2d at 923); *see Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002) ("Thus, rather than the employee owing the money and being forced to disgorge it, the carrier is first entitled to the money up to the total amount of benefits it has paid . . . ."); *see also Tex. Workers' Comp. Ins. Fund v. Travis*, 912 S.W.2d 895, 897-98 (Tex. App.–Fort Worth 1995, no writ).  After the carrier is fully reimbursed, then any additional money goes to the employee.  *See* TEX. LAB. CODE ANN. § 417.002(b).  First-money reimbursement is essential to the workers' compensation system because it reduces costs to the carrier and, thus, to the employer and the public.  *Ledbetter*, 251 S.W.3d at 35; *Performance Ins. Co. v. Frans*, 902 S.W.2d 582, 585 (Tex. App.–Houston [1st Dist.] 1995, writ denied).

---

[4] Subrogation entitles one party to enforce the rights and recover the remedies of another party. BLACK'S LAW DICTIONARY 1467 (8th ed. 2004).

[5] The Texas Supreme Court has stated that section 417.001 of the labor code was adopted to prevent overcompensation to an employee and to reduce the burden of insurance to employers and the public.  *See Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 924 (Tex. 1966) (stating the purpose of the predecessor statute to section 417.001).

[6] In particular, section 417.002(a) provides that:  "[t]he net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury."  TEX. LAB. CODE ANN. § 417.002(a) (Vernon 2006).

5

However, section 417.003 of the labor code provides that, as compensation for pursuing the third-party action, the employee's attorney may recover fees and "a proportionate share of expenses" for services rendered. TEX. LAB. CODE ANN. § 417.003(a) (Vernon 2006)[7]; *see Ill. Nat'l Ins. Co. v. Perez*, 794 S.W.2d 373, 377 (Tex. App.–Corpus Christi 1990, writ denied) (stating that the purpose of awarding attorney's fees is to pay the employee's attorney for the benefit accruing to the carrier as a result of the attorney's efforts in recovery or settlement of a third-party case). The employee's attorney may recover the fees and expenses only in the following situations: (1) the insurer hires an attorney to represent it, but the attorney does not actively represent it; (2) the employee's attorney represents both the employee and the insurer; or (3) the insurer is actively represented by its attorney who participates in obtaining a recovery. *See* TEX. LAB. CODE ANN. § 417.003; *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Mata & Bordini, Inc.*, 2 S.W.3d 312, 316 n.2 (Tex. App.–San Antonio 1999, pet. denied); *see also Benchmark Ins. Co. v. Sullivan*, No. 12-07-00223-CV, 2009 Tex. App. LEXIS 2947, at **12-13 (Tex. App.–Tyler Apr. 30, 2009, no pet.) (mem. op.) (citing *City of Arlington v. Lummus*, 871 S.W.2d 536, 537 (Tex. App.–Fort Worth 1994, writ denied)).

---

[7] Section 417.003(a) of the labor code provides that:

An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:

> (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

> (2) a proportionate share of expenses.

*Id.* § 417.003(a) (Vernon 2006).

**B. Attorney's Fees**

We first analyze the propriety of the trial court's award of attorney's fees. A trial court's award of attorney's fees under section 417.003 of the labor code is reviewed for abuse of discretion. *See Erivas v. State Farm Mut. Auto Ins. Co.*, 141 S.W.3d 671, 676 (Tex. App.–El Paso 2004, no pet.); *see also Benchmark*, 2009 Tex. App. LEXIS 2947, at *11. When a trial court awards attorney's fees under section 417.003 and no findings of fact or conclusions of law are filed or requested, we imply all necessary findings to support the trial court's judgment.[8] *See Hartford Accident & Indem. Co. v. Buckland*, 882 S.W.2d 440, 446 (Tex. App.–Dallas 1994, writ denied).

As previously mentioned, section 417.002(a) provides that the workers' compensation insurance carrier is entitled to first-money reimbursement from the "net amount recovered" by the claimant in a third-party action. The "net amount recovered" has been interpreted as "the third-party recovery less the employee's attorney's fees." *Tex. Workers' Comp. Ins. Fund v. Alcorta*, 989 S.W.2d 849, 852 (Tex. App.–San Antonio 1999, no pet.). "That is, by statutory design, the 'first money' owed to the carrier—the net amount recovered under section 417.002(a)—is a sum which has been reduced by allowable attorney's fees under section 417.003." *Id.*; *see Erivas*, 141 S.W.3d at 676, 678 (adopting the reasoning of *Alcorta*); *Ins. Co. of N. Am. v. Wright*, 886 S.W.2d 337, 344 (Tex. App.–Houston [1st Dist.] 1994, writ denied) ("We find that the 'net amount' subject to subrogation is the amount received by the claimant after appropriate deductions for attorney's fees and court costs have been taken."); *see also Resolution Oversight Corp. v. Garza*, No. 03-08-00481-CV, 2009 Tex. App. LEXIS 5324, at **22-24 (Tex. App.–Austin July 10, 2009, no pet. h.) (mem. op.) (same). By allowing claimant's attorneys to recover

---

[8] Neither party requested findings of fact or conclusions of law in this matter.

7

attorney's fees and a proportionate share of expenses before the workers' compensation carrier is reimbursed, the legislature's goals of (1) compensating claimants whose attorneys perform work for the benefit of a subrogated insurance carrier and (2) prohibiting the insurance carrier from obtaining a "free ride" from the efforts of the claimant's attorney are furthered. *See Caesar v. Bohacek*, 176 S.W.3d 282, 285 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (citing *Prewitt & Sampson v. City of Dallas*, 713 S.W.2d 720, 723 (Tex. App.–Dallas 1986, writ ref'd n.r.e.)).

Here, Delgado alleged that: (1) the settlement proceeds were procured solely on account of his own efforts; and (2) TMLIRP hired legal counsel, but TMLIRP's counsel did not actively participate in the procurement of the settlement proceeds from HSCMI. In his original petition, Delgado stated the following as to TMLIRP's involvement in the underlying third-party action:

> TML's [TMLIRP] attorney, Margaret Reaves, did nothing to bring about settlement. Ms. Reaves'[s] involvement included the writing of three letters, a letter to Home State County Mutual Insurance advising of their subrogation claim . . . , a letter to Touchy & Green, L.L.P. advising of their subrogation claim . . . , and a second letter to Touchy & Green, L.L.P. advising of TML's refusal to negotiate a reduction of the subrogation interest . . . .

A review of the record supports Delgado's contention that counsel for TMLIRP did not actively participate in the underlying third-party action and that the settlement was procured solely by the efforts of Delgado's trial attorney. *See Erivas*, 141 S.W.3d at 678 ("An attorney 'actively represents' a carrier when he or she 'takes steps, adequate when measured by the difficulty of the case, toward prosecuting the claim.'") (quoting *Hartford Accident & Indem. Co.*, 882 S.W.2d at 447); *see also Benchmark*, 2009 Tex. App. LEXIS 2947, at *13 ("When a comparison of the respective roles of the attorneys shows that one attorney was primarily responsible for recovery of the subrogation amount, a trial court's

8

finding that the fee should be apportioned completely to that attorney is not an abuse of discretion."). Counsel for TMLIRP merely informed all parties involved in the underlying third-party action that TMLIRP had a subrogation claim. If Delgado's attorney had not negotiated the settlement, TMLIRP would not have recovered anything from HSCMI, so Delgado's work during the settlement negotiations clearly advanced TMLIRP's interest. Thus, Delgado's trial attorney was entitled to reasonable attorney's fees not to exceed one-third of the procured settlement proceeds. *See* TEX. LAB. CODE ANN. § 417.003(a)(1), (d); *see also Hicks v. Crown Equip. Corp.*, No. 01-98-00631-CV, 1999 Tex. App. LEXIS 7832, at *12 (Tex. App.–Oct. 21, 1999, pet. denied) (not designated for publication) (noting that, under section 417.003(d) of the labor code, "only the amount recovered for benefits" should be considered in awarding attorney's fees).

In the underlying third-party action, Delgado received $25,028 in settlement proceeds from HSCMI, and the trial court awarded Delgado's trial attorney $8,342.66, or one-third of the settlement proceeds, in attorney's fees. Because the award of attorney's fees comports with section 417.003 of the labor code, we conclude that the trial court did not abuse its discretion. *See* TEX. LAB. CODE ANN. § 417.003(a)(1); *Erivas*, 141 S.W.3d at 678; *see also Benchmark*, 2009 Tex. App. LEXIS 2947, at **13-15.

## C. Expenses

In his original petition and motion for summary judgment, Delgado requested $897.11 for costs associated with prosecuting the underlying third-party action. In addition, Delgado urged the trial court to award Touchy & Green, L.L.P. one-third of the remaining $15,788.22 subrogation interest, or $5,262.74, for services rendered to TMLIRP. The trial court, in its final judgment, awarded Delgado $295.00 in taxable court costs and ordered Delgado to remit the remaining balance of $16,390.34 to TMLIRP.

Section 417.003(a)(2) of the labor code provides that when the workers' compensation insurance carrier is not actively represented in the underlying third-party action, claimant's attorney is entitled to "a proportionate share of expenses."[9] *See* TEX. LAB. CODE ANN. § 417.003(a)(2). Similar to the awarding of attorney's fees, an award of expenses shall be deducted from the workers' compensation insurance carrier's "net amount recovered." *See id.* §§ 417.002(a), 417.003(a)(2); *see also Wright*, 886 S.W.2d at 344.

On appeal, Delgado argues that section 417.003(a)(2) allows for the recovery of *all* expenses associated with prosecuting the underlying third-party action. However, in making this argument, Delgado has not directed us to any relevant case law, nor are we aware of any, interpreting section 417.003 of the labor code in such a way. Furthermore, Delgado has not directed us to any competent evidence in the record supporting his contention that he incurred substantially more than $295.00 in expenses. Based on the record before us, we cannot say that the trial court erred in determining that $295.00 constituted a "proportionate share" of Delgado's expenses. *See id.* We therefore conclude that the trial court did not err in awarding Delgado $295.00 in expenses. *See id.*

Delgado also argued in his original petition and motion for summary judgment that Touchy & Green, L.L.P. is entitled to $5,262.74 from TMLIRP for services rendered. However, once again, Delgado has not provided support for this claim. The trial court already awarded Delgado $8,342.66 in attorney's fees and $295.00 in expenses, and this

---

[9] We note that TMLIRP's argument that Delgado's recovery of attorney's fees and costs was capped at one-third of the settlement proceeds procured is unfounded. A close reading of section 417.003 demonstrates that only the recovery of reasonable attorney's fees is capped at one-third of the workers' compensation insurance carrier's recovery. *See id.* With respect to expenses, a claimant's attorney's recovery of expenses is only capped by the fact finder's determination of "a proportionate share of expenses." *See id.* § 417.003(a)(2).

secondary request for $5,262.74 in fees does not comport with section 417.003 of the labor code. *See id.* Thus, we conclude that the trial court did not err in refusing to award Touchy & Green, L.L.P. the additional requested $5,262.74 in fees.

Based on the foregoing, we conclude that the trial court did not err in awarding Delgado attorney's fees and "a proportionate share of expenses" before TMLIRP's reimbursement. We further conclude that the trial court did not err in determining the amount of attorney's fees and expenses to which Delgado was entitled and the subrogation claim to which TMLIRP was entitled. As a result, we overrule Delgado's sole issue on appeal.

Moreover, because we have concluded that Delgado was entitled to attorney's fees and costs before TMLIRP was entitled to reimbursement, we reject TMLIRP's argument that Delgado's declaratory judgment action and subsequent appeal were frivolous. *See De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.–San Antonio 1998, no pet.) ("It is well established, however, that a proceeding is 'frivolous' when it 'lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *quoted with approval in Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam))). We therefore overrule TMLIRP's cross-issue.

## IV. CONCLUSION

Having overruled all issues on appeal, we affirm the judgment of the trial court.

 

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 31st day of August, 2009.

11