**Isabel ERIVAS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 08–02–00347–CV.

Court of Appeals of Texas, El Paso.

May 6, 2004.

Allen Moore, Law Offices of Allen Moore, Odessa, for Appellant.

Michael Tighe, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Appellant Isabel Erivas appeals the take-nothing judgment entered against her in an action she brought against her employer's underinsured/uninsured motorist ("UIM") insurance carrier for recovery of damages related to a hit-and-run accident occurring in the scope and course of her employment. On appeal, Ms. Erivas raises two issues for review. Ms. Erivas contends the trial court erred in entering a take-nothing judgment against her because Appellee State Farm Mutual Automobile Insurance ("State Farm") is not entitled to a credit or offset for the subrogation lien assigned by her employer's workers' compensation carrier to State Farm until State Farm has paid her attorney's reasonable attorney's fees, not to exceed one-third of the lien. Ms. Erivas also asserts State Farm is not entitled to credit or offset for the assigned lien at all because a workers' compensation carrier has no right to subrogation for benefits payable to an employee under a UIM insurance policy. We affirm in part, reverse in part, and remand this cause to the trial court for further proceedings consistent with this opinion.

On December 30, 1998, Isabel Erivas was injured in a hit-and-run accident while operating a company vehicle in the course and scope of her employment with The Parts Warehouse in Midland, Texas. Ms. Erivas filed a workers' compensation claim and received medical and indemnity benefits from her employer's workers' compensation carrier, Association Casualty Insur-

ance Company ("Association"). These benefits totaled $22,349.13. Ms. Erivas also received $5,000 in Personal Injury Protection ("PIP") benefits from her employer's UIM coverage policy, Appellee State Farm. On November 17, 2000, Ms. Erivas filed suit against State Farm, alleging she was legally entitled to recover damages under the policy because she was injured during the course and scope of her employment. State Farm filed a third-party action against Association as it was potentially entitled to assert a statutory lien for recovery of its workers' compensation benefits if State Farm were found liable to Ms. Erivas for damages.

Prior to trial, State Farm and Association entered into a settlement as to the statutory lien asserted by Association with respect to any settlement or award in Ms. Erivas' favor. In the settlement, Association assigned all ownership and its right of recovery on the lien and released State Farm from any other claims it had or could have against State Farm in exchange for $2,500. As a result of the settlement, Association was dismissed from the lawsuit. The jury trial was held on April 2, 2002, and the jury returned a verdict in favor of Ms. Erivas, awarding her $25,000 in damages.

On July 2, 2002, the trial court held a hearing on the judgment and after counsel's arguments, entered a take-nothing judgment against Ms. Erivas. The trial court found as a matter of law that State Farm was entitled to an offset in the amount of $27,349.13 for its PIP payments ($5,000) and as owner of the workers' compensation lien ($22,349.13). Because the total of credits, offsets, and recovery due to Ms. Erivas was an amount in excess of the jury award of $25,000 in favor of Ms. Erivas, the trial court determined that judgment should be rendered in favor of State Farm and Ms. Erivas take nothing

by her suit. Ms. Erivas filed a motion for new trial, which was overruled by operation of law. Ms. Erivas now brings this appeal.

In Issue Two, Ms. Erivas asserts the trial court erred in entering a take-nothing judgment against her because a workers' compensation carrier has no right of subrogation to benefits payable to an employee under a UIM policy. Therefore, she argues, State Farm is not entitled to any credit for the statutory lien it purchased from Association.

### Standard of Review

Disposition of this issue turns on the statutory interpretation of provisions in the Texas Labor Code. Matters of statutory construction are questions of law for the court to decide rather than issues of fact. *Pulido v. Dennis,* 888 S.W.2d 518, 519–20 (Tex.App.-El Paso 1994, no pet.), *citing Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989). As such, they are subject to *de novo* review. *See Johnson,* 774 S.W.2d at 656. In construing a statute, our objective is to determine and give effect to the legislature's intent. *Neal v. SMC Corp.,* 99 S.W.3d 813, 815 (Tex.App.-Dallas 2003, no pet.), *citing Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). We presume that the Legislature intended the plain meaning of its words. *Neal,* 99 S.W.3d at 815. If possible, we must ascertain the Legislature's intent from the language it used in the statute, rather than look to extraneous matters for an intent not stated in the statute. *Id.; see also* TEX.GOV'T CODE ANN. § 311.023 (Vernon 1998)(providing statutory construction aids a court may consider in construing a statute).

### Carrier's Right to Subrogation under Section 417.001

Under Section 417.001 of the Texas Labor Code, a workers' compensation carrier

has a statutory right to subrogation where a third party is or becomes liable to pay damages to an employee for an employee's compensable injury, for which the employee receives workers' compensation benefits. Specifically, Section 417.001 provides in pertinent part [1]:

(a) An employee or legal beneficiary may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle.

(b) If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. If the recovery is for an amount greater than that paid or assumed by the insurance carrier to the employee or the legal beneficiary, the insurance carrier shall:

(1) reimburse itself and pay the costs from the amount recovered; and

(2) pay the remainder of the amount recovered to the injured employee or the legal beneficiary.

TEX.LAB.CODE ANN. § 417.001(a) and (b)(Vernon 1996).

Under Section 417.002(a), "[t]he net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury." TEX.LAB. CODE ANN. § 417.002(a).

In *Employers Casualty Co. v. Dyess*, the Amarillo Court of Appeals addressed the issue of whether a workers' compensation carrier had a right of subrogation with respect to an employee's recovery under the employer's uninsured motorist coverage. *Employers Casualty Co. v. Dyess*, 957 S.W.2d 884, 885 (Tex.App.-Amarillo 1997, pet. denied). The appellant in Dyess contended that under the prior language of the statute, "some person other than the subscriber" who has a "legal liability" applied only to third party tortfeasors. *Id.* at 889. After reviewing the statutory language, the *Dyess* Court rejected this argument and held that a workers' compensation carrier's statutory right of subrogation applies to any party liable for a claimant's injuries, regardless of whether that liability arose in tort or contract. *Id.* at 891.

Following the *Dyess* Court's reasoning, the Houston First District Court of Ap-

---

**1.** We note that Section 417.001(b) was recently amended by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.09, 2003 TEX.GEN.LAWS 847, 858–59. Section 417.001(b) now provides:

If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. The insurance carrier's subrogation interest is limited to the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary, less the amount by which the court

reduces the judgment based on the percentage of responsibility determined by the trier of fact under Section 33.003, Civil Practice and Remedies Code, attributable to the employer. If the recovery is for an amount greater than the amount of the insurance carrier's subrogation interest, the insurance carrier shall:

(1) reimburse itself and pay the costs from the amount recovered; and

(2) pay the reminder of the amount recovered to the injured employee or the legal beneficiary.

Ms. Erivas' cause of action, however, is governed by the previous version of the statute.

peals in *Texas Workers' Comp. Ins. Facility v. Aetna Cas. & Sur. Co.* held that a workers' compensation carrier's subrogation right extends to claims against an uninsured/underinsured motorist insurance carrier. *Texas Workers' Comp. Ins. Facility v. Aetna Cas. & Sur. Co.*, 994 S.W.2d 923, 926 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In that case, the issue before the Court was whether a workers' compensation carrier has a right of subrogation when an employee, who has received workers' compensation benefits, subsequently sues and collects from his employer's uninsured/underinsured motorist insurance carrier. *Id.* at 924. In examining the term "third party" in the subrogation statute then in effect, the Court noted that the purpose of the statute favors reading the term expansively, rather than limiting application of the statute to claims against third party tortfeasors. *See id.* at 926.

Here, Ms. Erivas does not challenge the particular meaning of any statutory language in Section 417.001. Rather, Ms. Erivas directs this Court's attention to *Liberty Mutual v. Kinser*, 82 S.W.3d 71 (Tex.App.-San Antonio 2002, pet. withdrawn), and this Court's opinion in *Casualty Reciprocal Exchange v. Demock*, 130 S.W.3d 74 (Tex.App.-El Paso 2002, no pet.), as authorities in support of her contention that Association, as a workers' compensation carrier, had no subrogation right to benefits payable under her employer's State Farm UIM insurance policy. These cases, however, are distinguishable.

In *Liberty Mutual v. Kinser*, the San Antonio Court of Appeals held that a workers' compensation carrier had no subrogation right to benefits paid to an employee under the employee's uninsured/underinsured motorist insurance coverage. *Kinser*, 82 S.W.3d at 78. In that case, the workers' compensation carrier asserted a subrogation right to the UIM benefits payable to the employee under the employee's UIM insurance policy. *See id.* at 72. In examining the subrogation statute, the San Antonio Court of Appeals noted that under Section 417.001(b), a carrier is entitled to enforce the liability of the third party in the name of the injured employee and is subrogated to the injured employee's rights under Section 417.001(a). *Id.* at 77. The *Kinser* Court reasoned that in reading the term "third party" in context, Section 417.001(a) modifies or limits the "third party" to a "third party who is or becomes liable to pay damages." *Id.* at 78. Based on this reasoning, the *Kinser* Court determined that "a carrier is only entitled to subrogation against damages paid to an injured employee by a third party who is or becomes liable to pay damages." *Kinser*, 82 S.W.3d. at 78.

Contrasting the terms "damages" awarded by a jury and "benefits" payable under a UIM policy, the *Kinser* Court determined that the term "damages" as used in Section 417.001(a) does not include UIM benefits, but rather is limited to damages recovered from a third party who is liable to the injured employee because the third party breached a contract or committed a tortious act against the injured employee. *Kinser*, 82 S.W.3d at 78. Like this Court's opinion in *Casualty Reciprocal Exchange v. Demock*, the *Kinser* Court distinguished its holding from *Dyess* and *Texas Workers' Comp. Ins. Facility v. Aetna Cas. & Sur. Co.*, noting that in the Amarillo and Houston Court decisions, the UIM policies were acquired and maintained by the claimant's employer, not the claimant. *Id.* at 78, 79 n. 1, *citing* the *Demock* opinion. In so noting, the *Kinser* Court found that when faced with two competing public policies, the policy favoring personal UIM motorist coverage trumped the policy supporting the subrogation statute, as any other interpretation

would result in the injured employee subsidizing the insurance company. *Id.* at 79.

■ In this case, Ms. Erivas' employer maintained a State Farm UIM insurance policy, which extended coverage to its employees. Ms. Erivas received medical and indemnity benefits from her employer's workers' compensation carrier, Association. Ms. Erivas brought suit against State Farm to recover damages for her injuries under her employer's UIM policy. At trial, Ms. Erivas introduced evidence to show her alleged injuries and damages suffered. In its verdict, the jury awarded $25,000 to Ms. Erivas. We find that the plain meaning of Section 417.001 creates a right of subrogation against a third party who is or becomes liable to pay damages, including an employer's UIM insurance carrier found liable to pay damages. *See* TEX.LAB.CODE ANN. § 417.001(a) and (b); *Aetna Cas. & Sur. Co.,* 994 S.W.2d at 926. Therefore, Association had a subrogated interest to the damages recovered from State Farm.

■ The purpose of the subrogation statute is to "prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public." *Granite State Ins. Co. v. Firebaugh,* 558 S.W.2d 550, 551 (Tex.Civ.App.-Eastland 1977, writ ref'd n.r.e.), *citing Capitol Aggregates, Inc. v. Great American Ins. Co.,* 408 S.W.2d 922 (Tex.1966). In this case, the subrogated policy belonged to the employer, not the claimant, Ms. Erivas. Unlike the *Kinser* case, this case presents no competing public policy in favor of a claimant retaining benefits payable under a personal UIM policy. *See Kinser,* 82 S.W.3d at 78–9; *see also Demock,* 130 S.W.3d at 75 (declining to hold subrogation provision trumped legislative intent and mandate for maintaining personal UIM insurance coverage). Therefore, we find Association held a right of subrogation with

respect to the damages award recovered by Ms. Erivas. On appeal, Ms. Erivas does not challenge Association's assignment of the subrogated interest to State Farm. As owner of the subrogation lien, State Farm was thereby entitled to an offset from the jury's award. Issue Two is Overruled.

In her first issue, Ms. Erivas argues that State Farm is not entitled to a credit or offset for the subrogation lien it purchased until it has paid her attorney's reasonable attorney's fee, not to exceed one-third of the award.

■ An award of attorney's fees is within the sound discretion of the trial court, and will not be reversed absent a clear showing of abuse of discretion. *City of Austin v. Janowski,* 825 S.W.2d 786, 788 (Tex.App.-Austin 1992, no writ), *citing Espinoza v. Victoria Bank & Trust Co.,* 572 S.W.2d 816, 828 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.). An abuse of discretion occurs when the trial court's acts without any reference to guiding rules or principles, or is arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). An abuse of discretion lies when the trial court misapplies the law. *Texas Workers' Compensation Insurance Fund v. Alcorta,* 989 S.W.2d 849, 851 (Tex.App.-San Antonio 1999, no pet.).

Section 417.002, Recovery in Third–Party Action, provides in pertinent part:

(a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

TEX.LAB.CODE ANN. 417.002(a).

Section 417.003, Attorney's Fee for Representation of Insurance Carrier's Interest, provides:

(a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:

(1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

(2) a proportionate share of expenses

. . .

(c) If an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery, the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery. In apportioning the award, the court shall consider the benefit accruing to the insurance carrier as a result of each attorney's service. The total attorney's fees may not exceed one-third of the insurance carrier's recovery.

TEX.LAB.CODE ANN. § 417.003(a) and (c).

Texas courts have determined the statute provides three ways by which an attorney may recover fees based upon a subrogation recovery: (1) where the insurer has an attorney but he does not actively represent it; (2) where the worker's attorney represents both the worker and the insurer; and (3) where the insurer has an attorney who actively represents it and participates in obtaining a recovery. *City of Austin,* 825 S.W.2d at 789 n. 2; *see also Alcorta,* 989 S.W.2d at 851 n. 1.

At the July 2, 2002 hearing on the final judgment, Ms. Erivas asserted she was entitled to attorney's fees under Section 417.003, citing to subparagraph (a) which states, " 'an insurance carrier whose interest is not actively represented by an attorney shall pay a fee to an attorney representing the claimant.' " Ms. Erivas argued that even if State Farm is entitled to subrogation credit for the workers' compensation lien, she was still entitled to assert her attorney's fees up to one-third of the amount. In support of her claim, Ms. Erivas asked the court to consider her attorney's work in trying the case and obtaining a favorable verdict. In response, State Farm argued that because it settled with the workers' compensation carrier and having purchased its lien and the $5,000 credit for PIP benefits, it was entitled to a total credit or offset in excess of $27,000, therefore there should be a take-nothing judgment against Ms. Erivas despite the jury verdict. In the alternative, State Farm argued that attorney's fees claim should be based on the amount the carrier received for settling its claim, $2,500.

In its brief in this appeal, State Farm argues that under Section 417.0003(j), the trial court considers the benefit accruing to the insurance carrier as a result of each attorney's services. State Farm asserts that Ms. Erivas waived her right to recover attorney's fees by not presenting evidence that her attorney's efforts provided any benefit in recovery of the lien. Assuming Ms. Erivas did not waive the right, State Farm argues that under one scenario, Association's attorney represented it in the lawsuit and prior to trial it assigned its subrogation interest to State Farm for $2,500, "the only recovery by Association, and was obtained solely through the efforts of its own retained attorney." State Farm contends Erivas failed to produce any evidence that her attorney's efforts

resulted in the $2,500 recovery by Association, therefore the trial court properly apportioned the attorney's fees by refusing to award any portion of Association's recovery to Erivas' attorney. Alternatively, State Farm argues that it's recovery was theoretically $20,000 (minus the PIP benefits) and this recovery was "solely the result of the efforts of its own attorney in obtaining the assignment from Association" and "Erivas' attorney did nothing to benefit State Farm as assignee."

■ As noted above, under Section 417.003(a), an insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant and in absence of an agreement, the court shall award a reasonable fee out of the insurance carrier's recovery, not to exceed one-third of the lien and a proportionate share of expenses. *See* TEX.LAB. CODE ANN. § 417.003(a). An attorney "actively represents" a carrier when he or she "takes steps, adequate when measured by the difficulty of the case, toward prosecuting the claim." *Hartford Accident & Indem. Co. v. Buckland,* 882 S.W.2d 440, 447 (Tex.App.-Dallas 1994, writ denied).

■ In this case, prior to jury selection, State Farm and Association announced to the court that they entered into a settlement in which Association was selling and assigning its subrogated interest to State Farm for the amount of $2,500. Association's attorney represented to the court that Association was "making assignment of [their] lien, and allowing State Farm to sit in the shoes of the workers' compensation carrier, and receive any credit that would be due and owing to the Workers' Compensation carrier based upon any verdict issued in this case." Association was subsequently dismissed from the lawsuit. Based on the evidence in the record, Ms. Erivas' request for reasonable attorney's fees in pursuing recovery of the workers' compensation carrier's subrogated interest is clearly governed by Section 417.003(a), not Section 417.003(c). As assignee of the subrogation lien, State Farm through its attorney did not actively represent its acquired subrogated interest in Ms. Erivas' third-party action against State Farm. As shown in the record, recovery of the subrogation lien was the result of Ms. Erivas' attorney's efforts in prosecuting the claim against State Farm.

"[B]y statutory design, the 'first money' owed to the carrier—the net amount recovered under section 417.002(a)—is a sum which has been reduced by allowable attorney's fees under section 417.003." *Alcorta,* 989 S.W.2d at 852. Under the statute, the trial court was required to award certain attorney's fees payable out of the insurance carrier's subrogation recovery, which in this case would be based on the $22,349.13 figure. *See* TEX.LAB.CODE ANN. § 417.003(c). With respect to payment of attorney's fees to Ms. Erivas, State Farm, as assignee and owner of the lien, was not entitled to an offset until the statutory provisions under Section 417.003(c) were satisfied. We find that the trial court abused its discretion in failing to comply with the clear dictates of Section 417.003(c). Issue One is sustained.

For the reasons stated above, we affirm the trial court's judgment in part, reverse in part, and remand this cause to the trial court for further proceedings consistent with this opinion.