**Reversed and Remanded and Opinion filed July 1, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00214-CV

**BOMA O. ALLISON, Appellant**

**V.**

**SERVICE LLOYDS INSURANCE COMPANY, Appellee**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67540**

# O P I N I O N

This case arises out of a dispute between a worker's compensation insurance carrier and the employee-claimant's attorney. The carrier asserted that it was entitled to receive the full amount of a settlement with a third party obtained by the claimant's attorney, without paying the attorney any amount as attorney's fees or expenses. The claimant's attorney intervened, asserting various claims and requesting attorney's fees and expenses under subsections (a) and (c) of Texas Labor Code section 417.003, which provides for the award of attorney's fees to a

claimant's attorney out of the insurance carrier's recovery under certain circumstances. The trial court granted the insurance carrier's motion in which the carrier sought a summary judgment that the attorney take nothing on her claims and that the trial court award the carrier the full amount of the third-party settlement. On appeal, we conclude that the trial court erred to the extent that it granted summary judgment as to the attorney's requests for attorney's fees and expenses under these statutory provisions. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rodrigo Alcaraz-Cruz (hereinafter the "Claimant") was injured when the vehicle he was driving collided with a vehicle driven by Willie Tomlinson. The accident occurred while the Claimant was acting in the course and scope of his employment with Ashton Sawing & Drilling, Inc. (hereinafter the "Employer"). Appellee/plaintiff Service Lloyds Insurance Company (hereinafter "Service Lloyds") was the workers' compensation insurer for the Employer at the time of the injury. Service Lloyds paid the Claimant workers' compensation benefits in the total amount of $28,261.30.

The Claimant retained an attorney, appellant/intervenor Boma Allison, to prosecute claims relating to the accident. Allison has produced a contingency fee agreement with the Claimant under which the parties agree that Allison should receive a one-third contingency fee as to claims that settle prior to the filing of a lawsuit. After negotiations between Allison and Progressive Insurance Company, Tomlinson's automobile insurer, Progressive (hereinafter, "Third Party Insurer") gave Allison a check for $24,000 in exchange for a full release by the Claimant of all claims against Tomlinson (hereinafter "Settling Third Party") arising out of the accident. The check was made payable to the Claimant, Service Lloyds, and Allison's law office.

2

After Allison attempted to negotiate the check without Service Lloyds's endorsement, Service Lloyds filed a subrogation claim against the Settling Third Party in the trial court below.[1] The Settling Third Party answered and filed a counterclaim against Service Lloyds and third-party claims against Allison and the Claimant. The Settling Third Party asserted that his automobile carrier already had settled the Claimant's claims against him by tendering the check for $24,000, the remaining policy limits, in exchange for the full release by the Claimant. The Settling Third Party sought to interplead the $24,000 and be discharged.

Allison then filed a petition in intervention, in which she alleged that she had provided legal services to the Claimant in his claim against the Settling Third Party but that she had not been paid $11,000 in attorney's fees due under her contract with the Claimant. Allison asserted claims for breach of contract, quantum meruit, and sworn account. Allison alleged that she did all the work necessary to obtain the settlement but that Service Lloyds refused to pay for her services. Allison asserted that she did not have a contract with Service Lloyds to safeguard its rights in this matter. Liberally construing Allison's petition, Allison also requested attorney's fees and expenses under Texas Labor Code section 417.003, entitled "Attorney's Fee for Representation of Insurance Carrier's Interest."[2] Allison sought to recover attorney's fees, including $3,000 that she advanced to the Claimant. Allison also sought payment for medical providers who allegedly had provided necessary medical services to the Claimant but had not been paid by

---

[1] Allison has asserted that this attempt to negotiate was made accidentally by her staff. We need not address this issue to adjudicate this appeal.

[2] Because no special exceptions were sustained against Allison's petition in intervention, this court construes that pleading liberally in Allison's favor to include all claims that reasonably may be inferred from the language used in the petition, even if the petition does not state all the elements of the claim in question. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000).

Service Lloyds. In her intervention pleadings, Allison sought relief against both Service Lloyds and the Settling Third Party.

Service Lloyds filed cross-claims against Allison and the Claimant asserting a subrogation lien in the amount of $28,261.30. Service Lloyds asserted that, because this amount exceeds the amount of the settlement check from the Third Party Insurer, Service Lloyds is entitled to all proceeds of the settlement and that Allison and the Claimant are not entitled to any part of these proceeds.

In an order, the trial court granted the Settling Third Party the interpleader relief that he had sought, allowed the settlement check to be voided and $24,000 to be tendered into the registry of the court, discharged the Settling Third Party from the lawsuit, and released him from any claims.

Service Lloyds filed a traditional summary-judgment motion asserting the following grounds:

- Service Lloyds holds a statutory subrogation lien and is entitled to "first money" received from the third-party recovery against the Settling Third Party; because the amount of Service Lloyds's lien exceeds the settlement amount, Service Lloyds is entitled to the entire settlement amount.

- Allison is not entitled to attorney's fees under either subsection (a) or (c) of Texas Labor Code section 417.003 because there is summary-judgment evidence showing that Service Lloyds's attorney was not retained until shortly before the statute of limitations ran on the claim against the Settling Third Party.

- Allison is not entitled to attorney's fees under Texas Labor Code section 417.003(b) because she did not comply with the disclosure requirements of that statute.

- Allison may not recover attorney's fees based upon a contract because there is no contract between Allison and Service Lloyds that would provide a basis for recovery of attorney's fees and because Texas Government Code section 82.065 requires that contingency-fee contracts

4

be in writing and no such written contract between Allison and Service Lloyds exists.[3]

- Allison may not obtain the relief she seeks from Service Lloyds regarding charges from certain medical providers. Because the summary-judgment evidence shows that these medical charges were not submitted to Service Lloyds as part of the workers' compensation claim and because these charges were not submitted to the Division of Workers' Compensation for determination, the trial court lacks subject-matter jurisdiction and these claims must be dismissed.

- Allison may not recover from Service Lloyds the $3,000 that she allegedly advanced to the Claimant because such a claim would be barred by the statute of frauds and because "Service Lloyds is not responsible for Allison's poor judgment in loaning $3,000 to a client based on the prospect of damages to which he was not entitled."

Service Lloyds sought a summary judgment that Allison and the Claimant take nothing and that the trial court award Service Lloyds the full settlement amount of $24,000. The trial court granted this motion and signed a final summary-judgment order.

## II.  STANDARD OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence

---

[3] Allison has pleaded that there is no such contract and has not sought recovery based on any such contract.

5

raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

## III. ISSUES AND ANALYSIS

On appeal Allison asserts three issues: (1) the trial court erred in determining she was not entitled to monies received from the Settling Third Party or the Third Party Insurer; (2) the trial court erred in determining that no statutory provision permits Allison to recover attorney's fees, and (3) the trial court erred in granting Service Lloyds's summary-judgment motion and in denying her motion for new trial. Construing her opening appellate brief liberally, we conclude Allison makes the following arguments:

> (1) despite the subrogation rights of a worker's compensation carrier to "first money" from a third-party recovery, Texas Labor Code section 417.003[4] provides for the award of attorney's fees to a claimant's attorney out of the insurance carrier's recovery under the circumstances described in subsections (a) and (c), so as to prohibit the insurance carrier from obtaining a "free ride" from the efforts of the claimant's attorney;

> (2) various Texas cases and the statutory term "net amount recovered" from section 417.002(a) support the foregoing proposition, and the cases Service Lloyds cites do not support the proposition that the "first money" doctrine prevents a claimant's attorney from obtaining fees under section 417.003; and

> (3) the trial court erred in granting Service Lloyds's summary-judgment motion as to Allison's request for attorney's fees under subsections (a) and

---

[4] Unless otherwise stated, all statutory references in this opinion are to the Texas Labor Code.

(c) of section 417.003.

Under her third issue, Allison recites the legal standard for reviewing a trial court's summary judgment, and she cites cases in support of this standard. Allison then states in a conclusory manner that there were fact issues. Allison does not specify the fact issues to which she refers. Nor does Allison cite any evidence she claims raises a fact issue or the issue on which she claims there was a fact issue. Allison does not cite to the record or provide any argument or analysis as to the existence of any fact issue. Even construing Allison's brief liberally, we cannot conclude that she has briefed any argument or issue adequately in this part of her brief. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.— Houston [14th Dist.] 2005, no pet.).

On appeal, Allison has not assigned error or challenged the trial court's order discharging the Settling Third Party from the lawsuit and releasing him from Allison's claims against him. Neither has Allison presented any argument challenging the trial court's judgment as to her claims against Service Lloyds for (1) breach of contract, (2) quantum meruit, (3) sworn account, (4) payment for medical providers who allegedly had provided necessary medical services to the Claimant but had not been paid by Service Lloyds, or (5) any request Allison made in her intervention for attorney's fees under subsection (b) of section 417.003. Though Allison asserts on appeal that she is entitled to recover $3,000 that she allegedly advanced to the Claimant for payment of his medical bills, Allison has not presented argument challenging all of Service Lloyds's summary-judgment grounds as to why Allison cannot recover this $3,000 from Service Lloyds. Therefore, the trial court did not err in granting summary judgment as to this claim. *See Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719–20 (Tex. App.— Houston [14th Dist.] 2010, no pet.). There is no basis for finding any error as to the trial court's rulings regarding the foregoing claims. Thus, we consider whether

the trial court erred in granting summary judgment as to Allison's request for attorney's fees under subsections (a) and (c) of section 417.003.

## A.    Does the "first money" doctrine preclude the claimant's attorney from recovering any attorney's fees or expenses under section 417.003?

For decades, Texas law has required the first money recovered by an injured worker from a tortfeasor to go to the worker's compensation carrier, and until the carrier "'is paid in full the employee or his representatives have no right to any funds.'" *Texas Mutual Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 33 (Tex. 2008) (quoting *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002)). Nonetheless, section 417.002(a) provides that the "*net amount recovered* by a claimant in a third-party action shall be used to reimburse the insurance carrier . . . ." Tex. Lab. Code Ann. 417.002(a) (West 2014) (emphasis added). In addition, section 417.003, provides for the award of attorney's fees to a claimant's attorney payable out of the insurance carrier's recovery in these two circumstances:

> (a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:
>
> (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and
>
> (2) a proportionate share of expenses.
> . . .
> (c) If an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery, the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery. In apportioning the award, the court shall consider the benefit accruing to the insurance carrier as a result of each attorney's service. The total

8

attorney's fees may not exceed one-third of the insurance carrier's recovery.

Tex. Lab. Code Ann. § 417.003 (West 2014).  Allison is seeking attorney's fees and expenses under subsections (a) and (c) of section 417.003.  In a case in which the Supreme Court of Texas stressed the importance of the "first money" doctrine, the high court also noted that section 417.003 allows a claimant's attorney to recover attorney's fees out of the compensation carrier's subrogation recovery. *Ledbetter*, 251 S.W.3d at 33–36.  In addition, sister courts of appeals have held that the "first money" doctrine does not prevent an attorney from obtaining an award of attorney's fees under section 417.003, payable out of the insurance carrier's recovery.  *See Erivas v. State Farm Mut. Auto. Ins. Co.*, 141 S.W.3d 671, 678 (Tex. App.—El Paso 2004, no pet.); *Texas Workers' Compensation Insurance Fund v. Alcorta*, 989 S.W.2d 849, 851–52 (Tex. App.—San Antonio 1999, no pet.).  None of the cases cited by Service Lloyds holds that the "first money" doctrine prevents a claimant's attorney from recovering attorney's fees under subsection (a) or (c) of section 417.003 until the carrier receives the full subrogation amount, and research has not revealed any such cases.

We conclude that the "first money" doctrine does not preclude Allison from recovering attorney's fees or expenses under subsection (a) or (c) of section 417.003 if she proves her entitlement to an award of attorney's fees or expenses under either subsection.[5] *See Ledbetter*, 251 S.W.3d at 33–36; *Erivas*, 141 S.W.3d at 678; *Alcorta*, 989 S.W.2d at 851–52.  Accordingly, the trial court erred to the extent it granted summary judgment as to Allison's request for attorney's fees or expenses under either subsection based on this summary-judgment ground.

---

[5] Subsection (a) provides for recovery of a proportionate share of expenses; subsection (c) does not mention expenses.  Whether expenses may be recovered under subsection (c) is not an issue before this court.

**B.**    **Does the insurance carrier's failure to retain an attorney until shortly before the statute of limitations ran on the third-party claim bar the requests by the claimant's attorney for attorney's fees under subsections (a) and (c) of section 417.003?**

The only other summary-judgment ground that Service Lloyds asserted in its summary-judgment motion as to Allison's requests for attorney's fees or expenses under either subsection (a) or (c) of section 417.003 was that Allison is not entitled to attorney's fees under either subsection because there is summary-judgment evidence showing that Service Lloyds's attorney was not retained until shortly before the statute of limitations ran on the claim against the Settling Third Party. Under subsection (a), if there is no agreement between an attorney representing the claimant and the insurance carrier, and if the insurance carrier's interest is not actively represented by an attorney in a third-party action, the trial court shall award to the claimant's attorney, payable out of the insurance carrier's recovery: (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and (2) a proportionate share of expenses. *See* Tex. Lab. Code Ann. § 417.003(a). Under subsection (c), if an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery, the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery, considering the benefit accruing to the insurance carrier as a result of each attorney's service. *See* Tex. Lab. Code Ann. § 417.003(c). The total attorney's fees awarded under subsection (c) may not exceed one-third of the insurance carrier's recovery. *See id.*

Under the unambiguous language of section 417.003, Service Lloyds's failure to retain an attorney until shortly before the statute of limitations ran on the claim against the Settling Third Party does not bar as a matter of law Allison's

request for attorney's fees or expenses under either subsection (a) or subsection (c). *See* Tex. Lab. Code Ann. § 417.003. Accordingly, the trial court erred to the extent it granted summary judgment as to Allison's request for attorney's fees or expenses under either subsection based on this summary-judgment ground.[6]

## IV. CONCLUSION

The "first money" doctrine does not preclude the claimant's attorney from recovering attorney's fees or expenses under either subsection (a) or (c) of section 417.003 if she establishes her entitlement to them under either subsection. Under the unambiguous language of section 417.003, the workers' compensation carrier's failure to retain an attorney until shortly before the statute of limitations ran on the claim against the Settling Third Party does not bar as a matter of law the claimant's attorney's request for attorney's fees or expenses under either subsection (a) or subsection (c).

This court can affirm the trial court's summary judgment as to Allison's requests for attorney's fees and expenses based only upon a ground expressly stated in Service Lloyds's summary-judgment motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). Because we have found no merit as to all such grounds challenging these requests under subsection (a) or subsection (c), we conclude that the trial court erred in granting summary judgment as to these two requests.[7] Therefore, we reverse the trial court's judgment and remand for

---

[6] In this opinion, we conclude the trial court erred in granting summary judgment on these two grounds. We do not address whether Allison is entitled to attorney's fees or expenses under either subsection (a) or subsection (c).

[7] On appeal, Service Lloyds asserts that subsection (a) applies only if Allison filed a third-party lawsuit against the Settling Third Party on behalf of the Claimant. Service Lloyds also argues that subsection (c) is inapplicable because Allison never participated in the action to help recover Service Lloyds's subrogation interest or filed an action in which Service Lloyds could have intervened or participated. Neither of these grounds was expressly stated in Service Lloyds's

11

further proceedings consistent with this opinion.


/s/           Kem Thompson Frost
                      Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

---

summary-judgment motion; therefore, neither ground provides a basis for affirming the trial court's judgment. *See Stiles*, 867 S.W.2d at 26.