**REVERSE and REMAND and Opinion Filed June 21, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-23-00869-CV
_____

**SENTRY CASUALTY COMPANY, Appellant**
**V.**
**JENNIFER BRAVIN AND**
**MODJARRAD AND ASSOCIATES, P.C., Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-04454**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

This is a dispute about the attorney's fees due to an insurance company under Chapter 417 of the Texas Labor Code. After a trial on stipulated facts, the trial court rendered judgment that appellant Sentry Casualty Company owed attorney's fees to appellees Jennifer Bravin and Modjarrad and Associates, P.C. because Sentry did not "actively participate" in litigation of Bravin's third-party action. For the reasons we discuss below, we conclude that proceeds from the assignment of Sentry's lien and cause of action do not constitute a "recovery of the insurance carrier's interest" for purposes of determining attorney's fees under Texas Labor Code

§ 417.003(a)(1). We reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

The parties presented joint stipulations of fact to the trial court. We rely on those stipulations here.

Bravin was employed by Vitas Healthcare Corporation on May 23, 2016, and was driving a vehicle in the course and scope of her employment on that date. Lindy Lee Lankford rear-ended Bravin's vehicle. Bravin was injured, and she received worker's compensation benefits from Vitas through Sentry, Vitas's carrier, in the amount of $ 42,303.56.

On June 15, 2016, Bravin entered into a contract with Modjarrad and Associates, P.C. (referred to by the parties and here as "MAS") to prosecute her claim against Lankford. The contract provided for attorney's fees of thirty-three and one-third percent of all money collected, plus costs and expenses, or forty percent if suit were filed.

Sentry notified MAS on December 1, 2016, that it had made payments on Bravin's behalf "and ha[d] become subrogated to the rights of recovery from the at-fault party involved." On May 23, 2017, Sentry notified MAS of its final worker's compensation lien of $ 42,303.56, requested an update on the status of settlement, and gave MAS payment instructions.

Lankford was an insured under an automobile insurance policy issued by Germania Select Insurance Company. On January 23, 2018, MAS made a demand on Germania to settle Bravin's claims for the policy's limits.

On April 16, 2018, Bravin filed suit against Lankford and Lance Lankford (the vehicle's owner) in Collin County (Bravin Lawsuit). Sentry sent a letter to MAS confirming that Sentry was aware of the Bravin Lawsuit and advising of Sentry's lien under §§ 417.001–.003 of the Texas Labor Code. Sentry was not actively represented by an attorney in the Bravin Lawsuit.

On January 28, 2019, Sentry sold and assigned its subrogation cause of action and worker's compensation lien to Germania for $ 25,000. Bravin/MAS became aware of the assignment on February 1, 2019, through an email from Germania's counsel. In the email, Germania withdrew its prior offer to settle Bravin's claim for $ 30,700, and made a new offer of $ 5,700. Sentry advised MAS of the sale and assignment on February 5, 2019.

On March 28, 2019, Bravin and MAS filed this suit against Sentry, seeking attorney's fees under § 417.003 of the Texas Labor Code and a declaratory judgment and attorney's fees under Chapter 37 of the Texas Civil Practice & Remedies Code. Sentry answered and filed a counterclaim for attorney's fees under Chapter 37.

On May 28, 2019, Sentry filed notice of the transfer of its cause of action and lien to Germania in this lawsuit and in the Bravin Lawsuit. On July 5, 2019, Bravin and MAS filed an amended petition in this lawsuit adding Germania as a defendant.

On April 20, 2022, Bravin settled her claims against the Lankfords for $ 11,000, finalized in a written settlement agreement and release dated May 16, 2022. The Bravin Lawsuit was dismissed with prejudice on June 3, 2022.

In this lawsuit, Bravin and MAS filed notices non-suiting Germania with prejudice on June 17 and 28, 2022. Bravin/MAS and Sentry filed joint stipulations of fact on December 5, 2022, and each filed a motion for judgment. Sentry argued that its worker's compensation lien was "freely assignable" and that Bravin/MAS had no entitlement to attorney's fees from Sentry. Bravin/MAS argued that Sentry's assignment of the lien to Germania for $ 25,000 was a "recovery" for purposes of determining attorney's fees under Texas Labor Code § 417.003(a).

In its judgment, the trial court concluded that (1) Sentry did not actively participate in litigation of the third-party claim, (2) Sentry is required to pay one-third attorney's fees to Bravin/MAS in the amount of $ 8,333.33, (3) Sentry is required to pay attorney's fees of $ 10,000 to Bravin/MAS under civil practice and remedies code Chapter 37, and (4) Bravin/MAS should recover pre- and postjudgment interest and costs. Based on these conclusions, the trial court rendered judgment for Bravin/MAS. This appeal followed.

## ISSUES AND STANDARD OF REVIEW

Sentry contends the trial court erred by rendering judgment for Bravin/MAS Law Firm by (1) awarding them attorney's fees of $ 8,333.33 under § 417.003 of the Labor Code, (2) awarding them attorney's fees under the Texas Uniform Declaratory

–4–

Judgment Act, and failing to award Sentry its fees under that Act, and (3) in the alternative, by awarding Bravin/MAS attorney's fees under labor code § 417.003 as damages, and by awarding prejudgment interest on those fees.

The case was submitted to the trial court as an agreed case under rule 263, Texas Rules of Civil Procedure. That rule provides:

> Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause.

TEX. R. CIV. P. 263. In *Patton v. Porterfield*, we explained that a case tried on agreed facts under rule 263 "is considered to have the nature of a special verdict and is a request by the litigants for judgment in accordance with the applicable law." 411 S.W.3d 147, 153–54 (Tex. App.—Dallas 2013, pet. denied) (internal quotation omitted). The agreed facts are binding on the parties, the trial court, and the appellate court. *Id.*

In an appeal of an "agreed" case, there are no presumed findings in favor of the judgment and the pleadings are immaterial. *Id.* at 154. An appellate court conclusively presumes that the parties have brought before the court all facts necessary for the presentation and adjudication of the case. *Id.* We review de novo whether the trial court properly applied the law to the agreed facts, but we do not review the legal or factual sufficiency of the evidence. *Id.* The question on appeal is

limited to the correctness of the trial court's application of the law to the agreed facts. *Id.*

**DISCUSSION**

The Texas Worker's Compensation statute permits an employee to seek damages from the third-party tortfeasor. TEX. LAB. CODE ANN. § 417.001(a). The "first money" recovered by an injured worker from a tortfeasor, however, goes to the worker's compensation carrier until the carrier is paid in full. *Hartford Accident & Indem. Co. v. Francois*, No. 05-21-00981-CV, 2023 WL 3595376, at *3 (Tex. App.—Dallas May 23, 2023, no pet.) (mem. op.); *Allison v. Serv. Lloyds Ins. Co.*, 437 S.W.3d 589, 594–95 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). "Rather than the employee owning the money and being forced to disgorge it, the carrier is first entitled to the money up to the total amount of benefits it has paid." *Francois*, 2023 WL 3595376, at *3 (internal quotation omitted).

But as we explained in *Francois*, "a 'first money' recovery does not always result in an insurer recovering the full amount of the settlement." *Id*. When an injured employee pursues a claim against the third party and the worker's compensation carrier is not actively represented by an attorney in that proceeding, the carrier is required to pay a fee to the employee's attorney. TEX. LAB. CODE ANN. § 417.003(a); *see also Resolution Oversight Corp. v. Garza*, No. 03-08-00481-CV, 2009 WL 1981424, at *5 (Tex. App.—Austin July 10, 2009, no pet.) (mem. op.). The purpose of § 417.003 is to pay a worker's attorney for the benefit accruing to the carrier as a

result of the attorney's efforts. *See, e.g., Caesar v. Bohacek*, 176 S.W.3d 282, 285 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("By enacting section 417.003, the legislature intended to compensate claimants who perform work for the benefit of a subrogated insurance carrier and to prohibit the worker's compensation carrier from obtaining a 'free ride' from the efforts of the claimant's attorney.") (citing *Prewitt & Sampson v. City of Dallas*, 713 S.W.2d 720, 723 (Tex. App.—Dallas 1986, writ ref'd n.r.e.)).

A worker's compensation carrier may alter its subrogation rights by contract. *Brandon v. Am. Sterilizer Co.*, 880 S.W.2d 488, 495 (Tex. App.—Austin 1994, no writ). Here, Sentry sold and assigned its worker's compensation lien to Germania, Lankford's insurer. If Bravin prevailed at trial and recovered $ 42,303.56 or more, then Germania could recoup the lien from the judgment, reducing any amount Germania owed to Bravin within its own policy limits. If Lankford prevailed at trial, Germania would not recoup anything on its $ 42,303.56 subrogation interest that it purchased from Sentry for $ 25,000. *See id.* (under the assignment, the tortfeasor was taking a risk that it would lose the entire subrogation interest if the plaintiff prevailed at trial).

The question in this appeal is whether proceeds from Sentry's sale and assignment of its subrogation cause of action and lien was a "recovery of the insurance carrier's interest" for purposes of determining attorney's fees under labor code § 417.003(a). The trial court concluded that because Sentry did not actively

participate in the Bravin Lawsuit, "the plain language of Section 417.003(a) is in favor of [Bravin/MAS's] rights to attorneys' fees." The trial court reasoned that Sentry's lien and subrogation claims were "strictly derivative to [Bravin's] causes of action against the Lankfords and Germania," and noted, "'there is but one cause of action against the third-party tortfeasor—*that of [Plaintiffs], who own it*—burdened by the right of [Sentry] to recoup for itself compensation paid,'" quoting *Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex. 1992). The trial court concluded that Sentry did not "actively participate" in the Bravin Lawsuit, and accordingly, § 417.003(a) required Sentry to pay Bravin/MAS "a reasonable fee for recovery of the insurance carrier's interest," not to "exceed one-third of the insurance carrier's recovery," plus "a proportionate share of expenses." *See* TEX. LAB. CODE ANN. § 417.003(a)(1), (2).

Sentry argues, however, that proceeds from the sale and assignment of the subrogation cause of action did not constitute the first money recovered by the claimant, Bravin, as required for recovery of attorney's fees under labor code § 417.003. Sentry also argues that its sale and assignment was binding on Bravin and MAS, so any liability for attorney's fees under § 417.003 would be borne by Germania, not Sentry. Sentry contends that Bravin and MAS were not entitled to any recovery from Germania because they non-suited Germania with prejudice. Sentry also argues that § 417.003 does not apply because "no attorney's fees would be owed based on any percentage of the amount of Sentry's lien."

–8–

We do not disagree with the trial court's conclusion that Sentry "did not actively participate" in the Bravin Lawsuit. But we further conclude that Sentry's sale of the lien to Germania transferred both the obligation to pay attorney's fees under § 417.003(a) and the right to recover, under § 417.002, the amount of benefits paid by the worker's compensation carrier "for the compensable injury." *See* TEX. LAB. CODE ANN. §§ 417.002(a); 417.003(a).

Although Germania paid less than the amount of the lien to acquire it, the sale did nothing to affect the amount of the lien itself. Sentry sold the entire lien, transferring one hundred percent of its $ 42,303.56 subrogation interest to Germania. Because of the assignment, Germania could recover, as "first money," the full $ 42,303.56 less "a reasonable fee for recovery of the insurance carrier's interest." TEX. LAB. CODE ANN. § 417.003(a)(1). Sentry conveyed its entire interest to Germania:

> NOW, THEREFORE, for and in consideration of the recitals set forth above, and the total sum of TWENTY-FIVE THOUSAND and 00/100THS DOLLARS ($25,000.00) paid to SENTRY CASUALTY COMPANY by GERMANIA SELECT INSURANCE COMPANY . . . .
>
> SENTRY CASUALTY COMPANY has this day sold, conveyed, and assigned and by this instrument does hereby sell, convey, and assign to GERMANIA SELECT INSURANCE COMPANY any and all rights, title, and interest of any kind in or arising from the referenced Sentry Casualty Company workers' compensation lien (Claim No. 55C277629-602), at common law, statutory, or otherwise, which SENTRY CASUALTY COMPANY has or might have, known or unknown, now existing or that might arise hereafter, directly or indirectly attributable to the above-described incident, the lien claim, and/or the referenced present transaction. . . .

Assignment: SENTRY CASUALTY COMPANY further agrees to not assert or prosecute any further claims or lawsuits arising out of the LIEN in question, against anyone whomsoever, whether or not herein otherwise named, described or identified. Any and all such claims and interests are hereby conveyed and assigned in full to GERMANIA SELECT INSURANCE COMPANY. . . .

As holder of the lien, Germania was subrogated to Bravin's rights and held a subrogation interest "limited to the amount of the total benefits paid or assumed by the carrier to the employee . . . ." TEX. LAB. CODE ANN. § 417.001(b). Although the lien's ownership changed upon assignment, its value did not, and the entire interest became Germania's, not Sentry's. Accordingly, Germania also owned the corresponding obligation to pay attorney's fees under § 417.003. In *Brandon*, the court rejected Brandon's argument that granting the full amount of the insurer's subrogation interest would amount to a "windfall" for the tortfeasor, because the tortfeasor "was taking a risk that it would lose that entire amount if Brandon did not prevail at trial." *Brandon*, 880 S.W.2d at 495.

In addition, Bravin/MAS's attorney-fee recovery under § 417.003(a)(1) was not limited by the assignment. If Bravin had pursued her claim against the Lankfords at trial and obtained a judgment, MAS could have been awarded up to one-third of that amount as its "reasonable fee" under § 417.003(a)(1), which Germania would have been obligated to pay. Instead, she settled her claims for $ 11,000 and released the Lankfords. Then both Bravin and MAS non-suited their claims against Germania in this lawsuit with prejudice.

We conclude that because Sentry conveyed its entire subrogation cause of action and lien to Germania, and Bravin/MAS nonsuited their claims against Germania, the trial court erred by ruling that Sentry owed $ 8,333.33 (one-third of the consideration paid by Germania to Sentry for the assignment) in attorney's fees to Bravin/MAS under § 417.003. Nothing in Chapter 417 addresses purchase or sale of the carrier's lien. *See* TEX. LAB. CODE ANN. §§ 417.001–.003. After Sentry's conveyance to Germania, Germania held the entire lien, and accordingly, the statutory right to reimbursement of the entire amount. *See id.*; *see also Performance Ins. Co. v. Frans*, 902 S.W.2d 582, 584–85 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("When a third-party tortfeasor pays a settlement or judgment to an employee who has been receiving worker's compensation benefits, the tortfeasor and the employee are jointly and severally liable to the compensation carrier for its entire subrogation claim."); *Erivas v. State Farm Mut. Auto. Ins. Co.*, 141 S.W.3d 671, 672–73, 677–78 (Tex. App.—El Paso 2004, no pet.) (after similar assignment of lien, assignee was obligated to pay plaintiff's fees based on amount of lien, not on amount paid for assignment, and assignor was dismissed from suit).

We further conclude that remand is required for reconsideration of the $ 10,000 in attorney's fees awarded to Bravin/MAS under the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). In *Farmers Group, Inc. v.*

–11–

*Geter*, 620 S.W.3d 702, 712–13 (Tex. 2021), the court explained that "[w]here the extent to which a party prevailed has changed on appeal, our practice has been to remand the issue of attorney fees to the trial court for reconsideration of what is equitable and just." Although the plaintiff in that case initially prevailed, the judgment was reversed on appeal and the supreme court rendered judgment that the plaintiff take nothing. *Id.* at 714. The supreme court then reversed the award of attorney's fees and remanded the issue for the trial court's reconsideration. *Id.* The court instructed that "[o]n remand, 'the degree of success obtained' should, as always, be 'the most critical factor in determining reasonableness of a fee award." *Id.* at 713 (quoting *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 548 (Tex. 2009)).

We sustain Sentry's first issue challenging the trial court's award of $ 8,333.33 under labor code § 417.003. We sustain Sentry's second issue challenging the award of attorney's fees to Bravin/MAS under the declaratory judgment act and failing to award Sentry its fees under that act, and remand that issue to the trial court for reconsideration. Given our disposition of these issues, we need not consider Sentry's third issue. *See* TEX. R. APP. P. 47.1 (court of appeals must address issues "necessary to final disposition of the appeal").

## CONCLUSION

We reverse the trial court's judgment and remand for determination of attorney's fees under § 37.009 of the Texas Civil Practice and Remedies Code.

/Maricela Breedlove/

MARICELA BREEDLOVE
JUSTICE

230869F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENTRY CASUALTY COMPANY,
Appellant

No. 05-23-00869-CV        V.

JENNIFER BRAVIN AND
MODJARRAD AND
ASSOCIATES, P.C., Appellees

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-04454.
Opinion delivered by Justice
Breedlove. Justices Smith and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for determination of attorney's fees consistent with the Court's opinion.

It is **ORDERED** that appellant Sentry Casualty Company recover its costs of this appeal from appellee Jennifer Bravin and Modjarrad and Associates, P.C.

Judgment entered June 21, 2024